No. 389

KIMPEL v. CLEVE. WORSTED MILLS CO.
No. 19053. Supreme Court.

Motion to direct Cuyahoga Appeals to certify. Dock. March 30, 1925, 3 Abs. 214.

1283. WORKMEN'S COMPENSATION—1. Is there a distinction between signing and filing an application with the Industrial Commission?

2. Does filing of signed application without knowledge of injured party preclude her from suing her employer for damages, outside of jurisdiction of Workmen's Compensation Act under 1465-76 GC.?

Clara Kimpel was an employe of the Cleveland Worsted Mills Company and while so, an employe of the company was injured, through the alleged negligence of the company in violating an ordinance. Suit was instituted in the Cuyahoga Common Pleas. The Company claimed that under 1465-76 GC Kimpel had waived her option of suing the company because she had made application to the Industrial Commission of Ohio, for an award of compensation. This was denied by Kimpel, who alleged that when she was injured, she was told by the nurse in charge of the dispensary to sign a certain paper. It turned out that the blank form signed was a form used by the Industrial Commission on application for allowance of medical expenses.

Kimpel contended that 1465-76 GC. provides that the option or suing the employer for damages is waived where the employe makes application for an award or accepts compensation. Kimpel declared that she merely signed the form and she had not directed or authorized anyone to file the application; that the application was filed without her knowledge.

The Common Pleas Court rendered a judgment on the verdict in favor of Kimpel. Error was prosecuted and the Court of Appeals reversed the judgment on the ground that there was error in the charge of the lower court.

## STATE SUPREME COURT—Continued

The Court of Appeals found that signing an the employe; that it was necessary for the application is immaterial if it is not filed by company to show that Kimpel made application for an award. Kimpel declared that the company failed to do this and on this state of the proof, it would seem that whatever the court charged on the subject was immaterial and could not be prejudicial.

In the Supreme Court, Kimpel contends that, she had no intention to elect under 1465-76 GC. when she signed the paper and she never filed it or intended to do so; she did not have "knowledge of her obligation to elect;" her acts were not of an unequivocal character; such as to clearly and distinctly demonstrate a purpose to elect.

Attorneys—Payer, Winch, Minshall & Karch, for Kimpel; Snyder, Henry, Thomsen, Ford & Seagrave for Company; all of Cleveland.